# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**       **Criminal No. 2:05 CR 22**
                                                 **(Maxwell)**

**DEREK D. BENEDICT,**

    **Defendant.**

                                      \*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**       **Criminal No. 2:05 CR 23**
                                                 **(Maxwell)**

**JESSICA N. HEALY,**

    **Defendant.**

                                      \*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**       **Criminal No. 2:05 CR 24**
                                                 **(Maxwell)**

**VIRGINIA L. GARDNER,**

    **Defendant.**

                                      \*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

  **v.**                 **Criminal No. 2:05 CR 25**
                      **(Maxwell)**

**JESSICA N. HEALY,**

   **Defendant.**

              ********

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

  **v.**                 **Criminal No. 2:05 CR 26**
                      **(Maxwell)**

**AMANDA J. NICHOLS,**

   **Defendant.**

              ********

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

  **v.**                 **Criminal No. 2:05 CR 27**
                      **(Maxwell)**

**JEREMY S. MINTZ,**

   **Defendant.**

              ********

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

       **v.**                                                   **Criminal No. 2:05 CR 29**
                                                                                        **(Maxwell)**

**GEOFFREY M. SEBEJTA,**

       **Defendant.**

                                                                      **\*\*\*\*\*\*\*\***

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

       **v.**                                                   **Criminal No. 2:05 CR 30**
                                                                                        **(Maxwell)**

**STEVEN A. MICHAEL,**

       **Defendant.**

                                                                      **\*\*\*\*\*\*\*\***

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

       **v.**                                                   **Criminal No. 2:05 CR 31**
                                                                                        **(Maxwell)**

**WILLIAM M. KEATING,**

       **Defendant.**

                                                                      **\*\*\*\*\*\*\*\***

**ORDER**

It will be recalled that the nine above-styled criminal appeals[1] were initiated by Notices of Appeal filed by the above-named Defendants on the following dates:

| | |
|---|---|
| Derek D. Benedict, 2:05 CR 22 | July 6, 2005 |
| Jessica N. Healy, 2:05 CR 23 | July 6, 2005 |
| Virginia L. Gardner, 2:05 CR 24 | July 6, 2005 |
| Jessica N. Healy, 2:05 CR 25 | July 6, 2005 |
| Amanda J. Nichols, 2:05 CR 26 | July 11, 2005 |
| Jeremy S. Mintz, 2:05 CR 27 | July 13, 2005 |
| Geoffrey M. Sebejta, 2:05 CR 29 | July 19, 2005 |
| Steven A. Michael, 2:05 CR 30 | July 19, 2005 |
| William M. Keating, 2:05 CR 31 | July 19, 2005 |

Each of the Defendants appeals a Judgment Order wherein United States Magistrate Judge John S. Kaull found him or her guilty of using or occupying National

---

[1] It will further be recalled that, by Order entered November 9, 2005, the Court consolidated the following four criminal actions pursuant to Rule 3(b) of the Federal Rules of Appellate Procedure: US v. Jeremy S. Mintz, 2:05 CR 27; US v. Geoffrey M. Sebejta, 2:05 CR 29; US v. Steven A. Michael, 2:05 CR 30; and US v. William M. Keating, 2:05 CR 31. The remaining appeals, although not consolidated for appeal by the Court, have been treated as consolidated by counsel for said four Defendants: US v. Derek D. Benedict, 2:05 CR 22; US v. Jessica N. Healy, 2:05 CR 23; US v. Virginia L. Gardner, 2:05 CR 24; US v. Jessica N. Healy, 2:05 CR 25; and US v. Amanda J. Nicholls, 2:05 CR 26. The Court has determined that the consolidation of both sets of Defendants is appropriate for the resolution of their appeals.

Forest System land or facilities without special-use authorization when such authorization is required, in violation of 36 C.F.R. § 261.10(k), as charged in misdemeanor citations.

In Criminal Action Number 2:05 CR 22, Defendant Derek D. Benedict appeals a July 19, 2005, Judgment Order wherein United States Magistrate Judge John S. Kaull found him guilty of using or occupying National Forest System land or facilities without special-use authorization when such authorization is required, in violation of 36 C.F.R. § 261.10(k), as charged in a June 14, 2005, misdemeanor citation. Magistrate Judge Kaull's Judgment Order imposed a fine of $275.00 and a special monetary assessment of $25.00.

In Criminal Action Number 2:05 CR 23, Defendant Jessica N. Healy appeals a July 19, 2005, Judgment Order wherein United States Magistrate Judge John S. Kaull found her guilty of using or occupying National Forest System land or facilities without special-use authorization when such authorization is required, in violation of 36 C.F.R. § 261.10(k), as charged in a June 13, 2005, misdemeanor citation. Magistrate Judge Kaull's Judgment Order imposed a fine of $250.00 and a special monetary assessment of $25.00.

In Criminal Action Number 2:05 CR 24, Defendant Virginia L. Gardner appeals a July 19, 2005, Judgment Order wherein United States Magistrate Judge John S. Kaull found her guilty of using or occupying National Forest System land or facilities without special-use authorization when such authorization is required, in violation of 36 C.F.R. § 261.10(k), as charged in a June 14, 2005, misdemeanor citation. Magistrate Judge Kaull's Judgment Order imposed a fine of $275.00 and a special monetary assessment of $25.00.

In Criminal Action Number 2:05 CR 25, Defendant Jessica N. Healy appeals a July 19, 2005, Judgment Order wherein United States Magistrate Judge John S. Kaull found her guilty of using or occupying National Forest System land or facilities without special-use

authorization when such authorization is required, in violation of 36 C.F.R. § 261.10(k), as charged in a June 14, 2005, misdemeanor citation. Magistrate Judge Kaull's Judgment Order imposed a fine of $275.00 and a special monetary assessment of $25.00.

In Criminal Action Number 2:05 CR 26, Defendant Amanda J. Nichols appeals a July 22, 2005, Judgment Order wherein United States Magistrate Judge John S. Kaull found her guilty of using or occupying National Forest System land or facilities without special-use authorization when such authorization is required, in violation of 36 C.F.R. § 261.10(k), as charged in a June 28, 2005, misdemeanor citation. Magistrate Judge Kaull's Judgment Order imposed a fine of $275.00 and a special monetary assessment of $25.00.

In Criminal Action Number 2:05 CR 27, Jeremy S. Mintz, appeals a July 19, 2005, Judgment Order wherein United States Magistrate Judge John S. Kaull found him guilty of using or occupying National Forest System land or facilities without special-use authorization when such authorization is required, in violation of 36 C.F.R. § 261.10(k), as charged in a June 13, 2005, misdemeanor citation. Magistrate Judge Kaull's Judgment Order imposed a fine of $125.00 and a special monetary assessment of $25.00.

In Criminal Action Number 2:05 CR 29, Defendant Geoffrey M. Sebejta appeals a July 22, 2005, Judgment Order wherein United States Magistrate Judge John S. Kaull found him guilty of using or occupying National Forest System land or facilities without special-use authorization when such authorization is required, in violation of 36 C.F.R. § 261.10(k), as charged in a June 17, 2005, misdemeanor citation. Magistrate Judge Kaull's Judgment Order imposed a fine of $350.00 and a special monetary assessment of $25.00.

In Criminal Action Number 2:05 CR 30, Defendant Steven A. Michael appeals a July 22, 2005, Judgment Order wherein United States Magistrate Judge John S. Kaull found

him guilty of using or occupying National Forest System land or facilities without special-use authorization when such authorization is required, in violation of 36 C.F.R. § 261.10(k), as charged in a June 28, 2005, misdemeanor citation. Magistrate Judge Kaull's Judgment Order imposed a fine of $350.00 and a special monetary assessment of $25.00.

Finally, in Criminal Action Number 2:05 CR 31, Defendant William M. Keating appeals a July 22, 2005, Judgment Order wherein United States Magistrate Judge John S. Kaull found him guilty of using or occupying National Forest System land or facilities without special-use authorization when such authorization is required, in violation of 36 C.F.R. § 261.10(k), as charged in a June 17, 2005, misdemeanor citation. Magistrate Judge Kaull's Judgment Order imposed a fine of $350.00 and a special monetary assessment of $25.00.

Pursuant to briefing schedules established by the Court, the issues raised in the above-styled appeals were fully briefed by both parties, and these appeals are, accordingly, ripe for resolution by this Court. Despite this fact, Motions[2] To Dismiss The Appeal were filed on behalf of the United States by Assistant United States Attorney Stephen D. Warner on January 27, 2010. In said Motions To Dismiss, Assistant United States Attorney Warner asks the Court to dismiss each of the appeals in light of a failure on the part of each Defendant to pursue their appeal. Responses to the United States' Motions To Dismiss were filed on behalf of each of the Defendants on February 3, 2010. Predictably, counsel for each of the Defendants objects to the United States' Motion To

---

[2] Motions To Dismiss were filed by AUSA Warner in the following Criminal Actions: US v. Derek D. Benedict, 2:05 CR 22; US v. Jessica N. Healy, 2:05 CR 23; US v. Amanda J. Nichols, 2:05 CR 26; US v. Jeremy S. Mintz, 2:05 CR 27; US v. Steven A. Michael, 2:05 CR 30; and US v. William M. Keating, 2:05 CR 31.

7

Dismiss on the basis that each of the Defendants has, in fact, pursued and perfected their appeal.

Counsel for the Defendants are absolutely correct in their assertions that a dismissal of their clients' appeals on the basis of a failure to pursue the same is entirely inappropriate at this juncture. As noted by counsel for the Defendants, each of these appeals was timely filed and each has been fully briefed in accordance with this Court's Scheduling Orders, facts which should have been readily apparent to the Assistant United States Attorney. For this reason, it is, accordingly,

**ORDERED** that the following Motions be, and the same are hereby, **DENIED**:

1. United States Motion To Dismiss The Appeal (Docket No. 29) in United States v. Derek D. Benedict, 2:05 CR 22;

2. United States Motion To Dismiss The Appeal (Docket No. 29) in United States v. Jessica N. Healy, 2:05 CR 23;

3. United States Motion To Dismiss The Appeal (Docket No. 30) in United States v. Amanda J. Nichols, 2:05 CR 26;

4. United States Motion To Dismiss The Appeal (Docket No. 28) in United States v. Jeremy S. Mintz, 2:05 CR 27;

5. United States Motion To Dismiss The Appeal (Docket No. 31) in United States v. Steven A. Michael, 2:05 CR 30; and

6. United States Motion To Dismiss The Appeal (Docket No. 31) in United States v. William M. Keating, 2:05 CR 31.

As previously noted, the above-styled appeals have been fully briefed by both

parties and are ripe for resolution by this Court. The Court has now fully reviewed the record herein and has determined that the parties' legal arguments are adequately presented in the briefs before the Court. Furthermore, because the Court finds that the decisional process would not be significantly aided by either oral argument or an evidentiary hearing, the above-styled appeals shall be decided without the benefit of the same.

Rule 58(g)(2)(D) of the Federal Rules of Criminal Procedure sets forth the scope of an appeal from a Magistrate Judge's Judgment Order as follows:

> The defendant is not entitled to a trial *de novo* by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge.

Accordingly, a Magistrate Judge's Judgment Order is reversible only if it is clearly erroneous or contrary to law. *See* United States v. Ramirez, 555 F.Supp. 736, 738-39 (E.D. Cal. 1983).

The misdemeanor citations issued to each of the Defendants in the above-styled appeals arose from each of said Defendant's alleged participation in the 2005 Rainbow Gathering on National Forest Land in the Northern District of West Virginia. It was alleged by the United States that the group had failed to obtain the requisite special use permit for noncommercial uses involving more than 75 spectators or participants pursuant to 36 C.F.R. §§ 251.50(a), 261.10(k). In order to obtain a conviction for the charged offense, the Government was required to prove, beyond a reasonable doubt, that: 1) there was a use; 2) the use was of National Forest land; 3) the use was by a noncommercial group of 75 or more persons, either as participants or as spectators; 4) and that no "special use" authorization was obtained prior to the use. United States v. Johnson, 149 F.3d 892, 894

(4th Cir. 1998).

Because the charges leveled against each of the above-named Defendants were misdemeanors, bench trials were scheduled and conducted before United States Magistrate Judge John S. Kaull at the Cranberry Mountain Nature Center in Pocahontas County, West Virginia, on two separate dates, June 28, 2005, and July 5, 2005. In this regard, it should be noted that the rationale behind the decision to authorize the holding of these bench trials at a site other than the Federal Courthouse in Elkins, West Virginia, was explained by the Court as follows in an Order entered on June 27, 2005, with regard to each of the hearings scheduled for either June 28, 2005, or July 5, 2005:

> The Court has been further advised and has personally observed in a proceeding that occurred before United States Magistrate Judge John S. Kaull on Friday, June 24, 2005, that many of the individuals who have been cited have limited means of transportation and have been located in a National Forest site for camping purposes approximately forty (40) minutes travel time from the Elkins, West Virginia, point of holding court. The Court has further been advised that Magistrate Judge John S. Kaull has located a facility, the Cranberry Mountain Nature Center, within Pocahontas County, West Virginia, and within the Northern District of West Virginia, which is relatively close to the site where most, if not all, of the named defendants are located within the National Forest, which appears to be an appropriate facility for purposes of conducting hearings on June 28, 2005, and, if necessary, July 5, 2005, between the hours of 9:00 a.m. and 5:00 p.m.
>
> Upon consideration of all which, it is accordingly ORDERED that John S. Kaull, United States Magistrate Judge, be, and he is, hereby, authorized to utilize the Cranberry Mountain Nature Center as an off-site court for the sole purpose of conducting proceedings relative to citations issued to persons on National Forest lands which are otherwise returnable to the Elkins, West Virginia, point of holding court on June 28, 2005, and July 5, 2005. It is further ordered that said proceedings shall be conducted on the record and that all such proceedings conducted at the Cranberry Mountain Nature Center off-site

> court be conducted in accord with the applicable Rules of Criminal Procedure and the Local Rules of Criminal Procedure and that the same be subject to all standing orders and local rules relating to cameras, recording devices, telephones, and other electronic communication recording devices as the same apply to proceedings in court. It is further ordered that the proceedings will be open to the press and the public subject to the Court's existing rules and subject further to such verbal and written orders as may be entered by the Magistrate Judge.

Although a Court Reporter was not physically present for the bench trials in question, audio recordings of the proceedings were made by a Deputy Clerk of Court who was present.

In complying with the briefing schedule established by this Court, two of the Defendants, who were at that time proceeding *pro se*, namely Jessica N. Healy and Jeremy S. Mintz, submitted Transcript Orders wherein they requested a transcript of their bench trials before Magistrate Judge Kaull. Additionally, Transcript Orders and later Motions For Transcript were submitted by counsel for Defendants Geoffrey M. Sebejta; Steven A. Michael; and William M. Keating. In response to each of the foregoing transcript requests/motions, the Court entered Orders directing the Clerk of Court to provide the Defendant or their counsel with copies of the audio cassette recordings of the hearings conducted by United States Magistrate Judge Kaull on June 28, 2005, and July 5, 2005, at the Cranberry Mountain Nature Center. In this regard, the Court's Orders pointed out that Rule 58(g)(2)© of the Federal Rules of Criminal Procedure requires that "a copy of the record of the proceedings must be made available to a defendant who establishes by affidavit an inability to pay or give security for the record." The Court's Order further noted, however, that Rule 58(g)(2)© further provides that the record on appeal "consists of the

11

original papers and exhibits in the case; any transcript, tape or other recording of the proceedings; and a certified copy of the docket entries." Pointing out that no written transcript of the June 28, 2005, and July 5, 2005, hearings existed, or was required pursuant to the express language of Rule 58(g)(2)© of the Federal Rules of Criminal Procedure, the Court directed the Clerk of Court to provide each requesting Defendant or their counsel with copies of the existing audio cassette recordings.

One of the issues on appeal raised by the consolidated group of Defendants[3] represented by Patrick S. Cassidy and Timothy F. Cogan of Cassidy, Myers, Cogan & Voegelin, L.C., of Wheeling, West Virginia, is that the poor quality of the audio cassette recordings of the bench trials conducted by Magistrate Judge Kaull has denied their Defendants a meaningful appeal based on a complete transcript. In this regard, it will be recalled that problems with the quality of the copies of the audio cassette recordings prepared for the Defendants and their counsel were first brought to the attention of the Court by Mr. Cassidy and Mr. Cogan in Motions which sought to stay the deadline established by the Court for the filing of the Defendants' briefs. In these Motions, which were filed on or about December 16, 2005, counsel advised the Court that, pursuant to this Court's September 27, 2005, Orders, the Clerk of Court had provided them with seven audio tapes. In their Motions To Stay Time For Filing Of Briefs Presently Due On December 27, 2005 Pending Resolution Of Issues Surrounding Record On Appeal, counsel described the problems with these audio tapes as follows:

---

[3]This group is, as noted above, composed of four Defendants: US v. Derek D. Benedict, 2:05 CR 22; US v. Jessica N. Healy, 2:05 CR 23; US v. Virginia L. Gardner, 2:05 CR 24; US v. Jessica N. Healy, 2:05 CR 25; and US v. Amanda J. Nichols, 2:05 CR 26.

> Said tapes are in no way indexed, contain hearings of numerous individuals, are partially inaudible, have gaps of blank tape where nothing was recorded, and most importantly, although counsel for defendant has made a good faith effort to transcribe the tapes, they are largely incomprehensible in their present form, and counsel have not successfully been able to determine what testimony, exhibits, and/or evidence was utilized by the Magistrate Judge in finding this defendant guilty in the course of proceedings leading to her conviction.

For the foregoing reasons, counsel advised the Court that should their requested stay be granted, they would "absorb the costs of a written transcript . . . ." The Court granted the Defendants' Motion to Stay Time For Filing Of Briefs and gave the Defendants an additional sixty days in which to file their briefs. Thereafter, a Second Motion To Stay Time was filed on behalf of Mr. Cassidy's and Mr. Cogan's group of Defendants. In their Second Motion To Stay Time, counsel reiterated the problems with the copies of the audio tapes with which they had been provided and advised the Court as follows:

> As this Court is aware, the undersigned has taken this defendant's matter, as well as that of three other defendants in related cases on a *pro bono* basis. Furthermore, the undersigned is expending his own resources to have his staff dutifully transcribe the audio recordings of the proceedings, which for the above referenced reasons has been a monumental task. The undersigned reports that six (6) of the seven (7) audio recordings provided to the undersigned by this Honorable Court have been transcribed. Furthermore, the undersigned agrees to provide to the United States a copy of said transcription upon completion.

Counsel's Second Motion To Stay Time was also granted by the Court, and Mr. Cassidy's and Mr. Cogan's group of Defendants were given an additional thirty days in which to file their briefs.

As previously noted, the Appellant Briefs filed on behalf of their clients by Mr. Cassidy and Mr. Cogan alleged as a ground for appeal that the poor quality of the audio cassette recordings of the bench trials conducted by Magistrate Judge Kaull had denied their Defendants a meaningful appeal based on a complete transcript. In this regard, counsel's Appellant Brief noted as follows:

> In the case at bar, not only is the undersigned prejudiced in adequately appealing trial errors on behalf of his client given the "condition of the transcript/audio recording, the undersigned can't even decipher what arguments were made by Defendant-Appellants, and more specifically, who would have made such arguments. The audio recordings are of such poor quality that it is literally impossible to review the evidence put forth by the Government against the undersigned's respective clients.
>
> Errors such as sufficiency of the evidence and the like can not be further perfected given the lack of record. Large gaps exist were [*sic*] no witness, Defendant, Judge or attorney can be heard. Furthermore, when voices are heard, it is impossible to decipher the name of the person speaking. Simply put, the record in the case at bar as it relates to Trial Group 10 leaves counsel to only speculate as to what the record indicates. Thus, given the above referenced standard, the Defendant-Appellants should have their convictions set aside, or in the alternative, they should be granted a new trial.

The Court Reporter Act is found at 28 U.S.C. § 753(b) and provides as follows, in pertinent part:

> Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method, subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge. The regulations promulgated pursuant to the preceding sentence

> shall prescribe the types of electronic sound recording or other means which may be used. Proceedings to be recorded under this section include (1) all proceedings in criminal cases had in open court . . . .

The United States Court of Appeals for the Fourth Circuit has addressed a criminal defendants' right to a meaningful appeal based on a complete transcript as follows:

> A criminal defendant has a right to a meaningful appeal based on a complete transcript. *See* Hardy v. United States, 375 U.S. 277, 279, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964). When a transcript is less than complete, the court must determine whether the alleged omissions or deficiencies justify a new trial. In *United States v. Gillis*, we held that whether an omission from a transcript warrants a new trial depends on whether the appellant has demonstrated that the omission "specifically prejudices his appeal . . . ." 773 F.2d 549, 554 (4th Cir. 1985).

US v. Huggins, 191 F.3d 532, 536 (4th Cir. 1999). The Huggins Court additionally held that an appeal is prejudiced "when a trial transcript is so deficient that it is `impossible for the appellate court to determine if the district court has committed reversible error.'" 191 F.3d 532, 537 *citing* United States v. Nolan, 910 F.2d 1553, 1560 (7th Cir. 1990).

In reviewing the record in the above-styled criminal misdemeanor appeals in preparation for issuing its rulings, this Court reviewed the original audio recordings of the June 28, 2005, and July 5, 2005, bench trials conducted by Magistrate Judge Kaull at the Cranberry Mountain Nature Center and was dismayed to discover that the quality of the same is, in fact, very poor. Given the very poor quality of the original audio recordings of the bench trials in question, the Court has no doubt that, once duplicated, the quality of said audio recordings would only further deteriorate. For that reason, the Court does not question the assertions made by Mr. Cassidy and Mr. Cogan that the copies of the audio recordings with which they were provided are of such poor quality that it was impossible

15

for them to review the Government's evidence against their clients.

The Court additionally obtained from Assistant United States Attorney Warner and reviewed a copy of the transcript of the June 28, 2005, hearings prepared by employees of Mr. Cassidy's and Mr. Cogan's law firm. The number of blank lines indicating that portions of testimony could not be transcribed, as well as notations of "inaudible" and "incomprehensible" and "unidentified" speakers is entirely consistent with what the Court would expect based on the poor quality of the audio recordings duplicated for counsel. At one point (page 85 of the Transcript), it is reflected that all of Side 1 of Tape 4 is blank. According to the transcript prepared by Defense counsel, Side 2 of Tape 4 is not blank but resumes with the cross-examination of a Government witness whose identity is, based on the missing first side of Tape 4, unknown. Additionally, based on the Court's familiarity with the nature of the proceedings and with Magistrate Judge Kaull's and Assistant United States Warner's voices, the Court was able to identify a number of inaccuracies in the transcript prepared by employees of Mr. Cassidy's and Mr. Cogan's law firm. Quite frankly, when the Court considers the fact that absolutely nothing was audible when it attempted to play the original audio recordings of the bench trials in question using a regular audio tape recorder, it is amazing that counsels' employees were able to prepare as much of a written transcript as they did. Considering all of the foregoing, the Court simply cannot imagine a case where a better argument could be made that counsel's ability to identify issues for their clients' appeals was significantly prejudiced.

In authorizing the bench trials in question to be conducted at the Cranberry Mountain Nature Center, the Court was sincerely trying to help the Defendants, many of whom the Court had understood lacked the necessary transportation to travel the

approximate seventy miles from their Gathering site in Pocahontas County, West Virginia, to the Federal Courthouse in Elkins, Randolph County, West Virginia. The Court was afraid that those Defendants with no transportation of their own and no money to utilize public transportation (were the same even available) would possibly be forced to resort to such unsafe activities as hitchhiking to make their Court appearances. While the Court's decision to conduct the bench trials at the Cranberry Mountain Nature Center did, in fact, benefit not only the Defendants but also the United States Forest Service personnel who were called as witnesses during said bench trials, it had the unintended effect of denying each of the Defendant's right to a meaningful appeal.

Taking into account all of the circumstances, the Court does not believe that it has any alternative but to vacate each of the Defendants' convictions. The Court would expressly note that its decision to vacate the nine convictions in question is, in no way, a reflection on the merits of said convictions. The Court has worked with United States Magistrate Judge John S. Kaull for many years and has a great appreciation for both his high level of intelligence and his innate fairness. The portions of the original audio recordings and the transcript prepared by defense counsel that the Court was able to review reveal that, during these hearings, Magistrate Judge Kaull conducted himself with the same impartiality and professionalism with which the Court is so familiar. For that reason alone, it is a shame that so many hours of Magistrate Kaull's work, under what anyone present would, no doubt, deem difficult circumstances, must be forfeited. Furthermore, based on its familiarity with Magistrate Judge Kaull's work, the Court feels confident that the convictions in question were likely handed down by Magistrate Judge Kaull without error. Nevertheless, however, the Court cannot ignore the fact that, in the

matters now before it, there does not exist a sufficient record to preserve the Defendants' right to appeal.

For all of the foregoing reasons, it is

**ORDERED** that the following Judgment Orders be, and the same are hereby, vacated, and that each of the following criminal actions be, and the same are therefore, **DISMISSED**:

| | | |
|---|---|---|
| Derek D. Benedict | 2:05 CR 22 | Docket No. 4 |
| Jessica N. Healy | 2:05 CR 23 | Docket No. 4 |
| Virginia L. Gardner | 2:05 CR 24 | Docket No. 4 |
| Jessica N. Healy | 2:05 CR 25 | Docket No. 4 |
| Amanda J. Nichols | 2:05 CR 26 | Docket No. 4 |
| Jeremy S. Mintz | 2:05 CR 27 | Docket No. 5 |
| Geoffrey M. Sebejta | 2:05 CR 29 | Docket No. 7 |
| Steven A. Michael | 2:05 CR 30 | Docket No. 7 |
| William M. Keating | 2:05 CR 31 | Docket No. 7 |

The Clerk of Court is directed to transmit copies of this Order to counsel of record.

**ENTER**: February  10 , 2010

                                                          **/S/ Robert E. Maxwell**
                                                            United States District Judge